Stephen M. Doniger, Esq. (SBN 179314)
Email: Stephen@donigerlawfirm.com
Scott A. Burroughs, Esq. (SBN 235718)
Email: scott@donigerlawfirm.com
**DONIGER / BURROUGHS, APC**
300 Corporate Pointe., Suite 355
Culver City, California 90230
Telephone: (310) 590-1820
Facsimile: (310) 417-3538

Attorneys for Plaintiff LA Printex Industries, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.A. PRINTEX INDUSTRIES, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALARMAX HOLDINGS, LLC a New York Corporation; JC PENNY CORP., INC., a Texas Corporation; RAD CLOTHING, INC., a California Corporation; and DOES 1 through 10,<br><br>Defendants. | Case No.: CV 08-434 SJO (PLAx)<br>*Honorable S. James Otero Presiding*<br><br>*DISCOVERY MATTER*<br><br>**SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION TO COMPEL FURTHER DISCOVERY RESPONSES; DECLARATION OF STEPHEN M. DONIGER, ESQ.**<br><br>**Date: November 24, 2009**<br>**Time: 10:00 a.m.**<br>**Courtroom: G, 9th Floor**<br><br>Trial Date: January 12, 2010 |

Pursuant to Local Rule 37-2.3, Plaintiff hereby submits this supplemental briefing in opposition to Defendant's Motion to Compel filed on October 29, 2009. As set forth below, the hearing on the motion should immediately be vacated and taken off calendar as a result of both its untimeliness and Defendant's total disregard for the procedures set forth in Local Rule 37-2 concerning the preparation and filing of a joint stipulation.

1
SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION TO COMPEL

## A. **Defendant's Motion Is Untimely.**

This Court's Standing Order unambiguously states that "[a]ny motion challenging the adequacy of discovery responses must be calendared sufficiently in advance of the cut-off date to permit any compelled responses to be obtained before that date." (See Par. 17 (a)). On May 26, 2009 this Court issued a Scheduling Order which provided for a discovery cut-off date of Monday, October 12, 2009. Although the parties stipulated to a 30-day continuance of that cut-off to complete some outstanding discovery, this motion cannot be heard before the new cut-off, let alone "sufficiently in advance" of that cut-off "to permit any compelled responses to be obtained before that date."

Nor can Defendant make any sort of showing of good cause for further extending the discovery cut-off. Discovery in this case commenced in April of 2009 following the scheduling meeting of the parties. Yet Defendant JC Penney inexplicably waited until September 9, 2009 to mail the subject discovery – thus ensuring that responses to it were due on the very last day of discovery. Moreover, with a trial date of January 12, 2010 looming, the parties simply need to bring discovery to a close and begin trial preparation.

## B. **Defendant JC Penney Filed This Motion Without Compliance with Local Rule 37-2 In That It Added Substantial New Portions To Its Argument After Plaintiff Provided Its Portion Of The Joint Stipulation.**

Pursuant to Local Rule 37-2.2, the moving party is to deliver to the opposing party its "portion of the stipulation, together with all declarations and exhibits to be offered in support of the moving party's position." Then, "within five (5) court days of receipt of the moving party's papers, counsel for the opposing party shall personally deliver, e-mail, or fax to counsel for the moving party the opposing party's portion of the stipulation…" Finally, "[a]fter the opposing party's papers are added

to the stipulation by the moving party's counsel, the stipulation shall be provided to opposing counsel, who shall sign it (electronically or otherwise) and return it to counsel for the moving party, no later than the end of the next business day, so that it can be filed with the notice of motion."

First, Defendant did not provide its portion of the joint stipulation together will all declarations and exhibits to be offered in support of its position. To the contrary, no completed declarations were provided and no exhibits were provided. Nevertheless, Plaintiff provided its portion in response within five (5) court days.

After submitting its portion of the joint stipulation back to Defendant and fully addressing Defendant's arguments, Defendant was obligated, pursuant to Local Rule 37-2.2, to finalize the document and get it to Plaintiff's counsel for signing. Instead, Defendant's counsel added almost two additional pages to its introductory statement in reply to Plaintiff's portion. That additional material includes the text appearing on page 6, line13 through page 7 line 24. Doniger Decl., ¶ 9. It also added almost two additional pages to its "Meet and Confer" statement in reply to Plaintiff's portion. That additional material includes the text appearing above on page 61, line 4 through page 62 line 11. The addition of that material is procedurally improper (as is the entirety of this motion) and should not be considered as it deprived Plaintiff of any meaningful opportunity to address the claims contained therein.

This revised Joint Stipulation with its entirely new text was sent to Plaintiff's counsel by email on October 28, 2009 at 10:13am while Plaintiff's counsel was sitting in the conference room of Defendant's office waiting to begin a deposition in this case that was set to commence at 10:00a.m. Doniger Decl., ¶ ___. The email to which the revised motion was attached read "*FYI – we are going to file the attached document today by 1:00 p.m., so please let me know if you have any additional changes. If you request more time, then please stipulate to waiving any timeliness arguments and we will allow you reasonable time. Thanks.*"

3
SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION TO COMPEL

Local Rule 37-2.2 does not authorize Defendant to revise its portion of the joint stipulation ***after*** Plaintiff provides its portion to Defendant. That is what the "supplemental memorandum" provision of Local Rule 37-2.3 is for.

Moreover, nowhere in Local Rule 37-2.2 doe it authorize Defendant to serve part of a joint stipulation on the Plaintiff for the first time a mere three (3) hours before filing.

The motion filed with this Court by Defendant was the one served on Plaintiff on October 28, 2009. Doniger Decl., ¶ 11. Since Plaintiff did not have a reasonable opportunity to review and respond to the new allegations of Defendant's portion, the Joint Stipulation was not signed by Plaintiff's counsel. Indeed, Plaintiff did provide a revised version of its portion to Defendant's counsel the next day by email at 6:21pm, but Defendant filed its motion without Plaintiff's revised portion, and without even calling Plaintiff to see if it was forthcoming, just minutes earlier (at 6:02pm). Doniger Decl., ¶ 12 and Exhibit "3".

The requirements of Local Rule 37 are not optional, yet Defendant utterly failed to follow them. In so doing, it deprived Plaintiff of the opportunity to substantively respond to some of Defendants claims and arguments, and improperly incorporated its "reply" position in the initial Joint Stipulation.

Local Rule 37-2.4 provides that the Court "will not" consider any discovery motion that is not properly put before it. Moreover, Local Rule 37-4 provides that "[t]he failure of any counsel to comply with or cooperate in the foregoing procedures may result in the imposition of sanctions." Based on the foregoing, the hearing on this motion should be vacated and sanctions issued against Defendant and its counsel of record.

### C. The Claims In Defendant's Motion are Meritless

The assertions made by Defendant in that newly added portion are flatly false

4
SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION TO COMPEL

and a transparent effort to paint Plaintiff as somehow culpable for Defendant's failure to conduct timely discovery. For example, Defendant argues that "had Plaintiff been more prompt and cooperate in the meet and confer process for this motion, Defendant could have filed the current Motion to Compel on October 16, 2009." (See page 7, lines 1-3). October 16, 2009 is the day Defendant first notified Plaintiff of its desire to meet and confer – Plaintiff is unaware of any procedure that would have allowed Defendant's discovery motion to be filed that same day, i.e., without Plaintiff having an opportunity to consider defendant's position and then prepare its portion of the joint stipulation.

Similarly, Defendant misrepresents the record with respect to the history of cooperation in this case and to Plaintiff's conduct with respect to the disputes at issue. Suffice it to say that discovery extensions and courtesies freely went both ways during discovery, but the time for discovery is now done and the parties need to prepare for trial in just over two months. Indeed, Plaintiff's position was clearly stated to counsel for Defendant in an email sent on October 27, 2007 which stated in relevant part:

> Scott,
>
> It is customary and appropriate to agree to reasonable extensions when it does not prejudice the client and/or when it is mutually beneficial. In this case, the extension of the discovery cut-off gave both of us more time to complete discovery, including depositions, and did not cause any prejudice to either side. Similarly, doing the deposition in Italy by video-conference or telephone will save our clients a significant amount of money and save us days of travel time – again mutually beneficial and with no prejudice to either side. Finally, you did grant an extension to provide discovery responses, but I did not end up taking that extension. Moreover, your condition was specifically designed to ensure that there was no prejudice to your client. You certainly did not do me any favors that put your client at a disadvantage.

5
SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION TO COMPEL

> Similarly, I have granted you courtesies including discovery extensions and will always be willing to do the same in the future assuming no prejudice to my client.
>
> However, you are presently seeking to compel evidence that we believe to be overbroad and harassing in support of an argument that we believe to be meritless, at least in this case. While you may have been entitled to pursue that discovery during the discovery period, you waited to propound any such discovery such that it was due on the very last day of the original discovery cut-off. It would result in unnecessary work and cause appreciable prejudice to my client to waive the requirement of the Court's standing order to allow your motion to be brought. Moreover, I do not believe you can possibly make a showing of good cause for the relief you are seeking in a motion to extend the discovery cut-off a second time.

Doniger Decl. Par. 13. There is no justification to excuse the requirements of the Court's Standing Order, especially when the parties have already extended discovery once by 30 days. Therefore, this motion should be deemed untimely and not considered. This is especially so given the abject failure of Defendant's counsel to follow the procedures of Local Rule 37-2.2 regarding the preparation and filing of this motion.

### D. Request for Sanctions

There is no question that this motion is untimely, that Defendant knows it is untimely, and that it has wasted the time of Plaintiff's counsel in requiring Plaintiff to respond to it. Indeed, Plaintiff's counsel advised Defendant's counsel that this motion was untimely before any response to it was due, yet Defendant insisted on moving forward without giving any substantial justification. Doniger Decl. ¶ 7.

Moreover, the motion is completely lacking on the merits: to the extend the discovery at issue relates to the designs at issue in this case Plaintiff has provided all information and documents it has, and to the extent it requests information and

6
SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION TO COMPEL

documents regarding the creation and ownership (as opposed to registration or publication) of unrelated designs it is irrelevant, overbroad, and harassing. Similarly, the arguments of Defendant that Plaintiff is somehow to blame for its failure to timely conduct discovery is transparently baseless.

Local Rule 37-4 provides that "[t]he failure of any counsel to comply with or cooperate in the foregoing procedures may result in the imposition of sanctions." Moreover, the prevailing party on discovery motions is generally entitled to be compensated for its time, especially where, as here, there was no substantial justification in the position taken by Defendant.

As set forth in the declaration of Stephen M. Doniger, Plaintiff has incurred attorneys' fees and expenses in the amount of $2,432 in responding to this Joint Statement, and seeks reimbursement of said costs.

### E. Conclusion

Plaintiff acknowledges and apologizes to the Court that this Supplemental Memorandum is more than five (5) pages in length; however, it was left with no other option given that it has had to respond to matters raised in the Joint Stipulation by Defendant the day before it was filed.

As set forth above, this motion is untimely, was filed in complete violation of Local Rule 37.2-2, and rests on demonstrably false and spurious arguments. Therefore, Plaintiff prays that this motion be denied and that sanctions be awarded against Defendant as requested in this motion.

Dated: November 5, 2009                    DONIGER/BURROUGHS, APC

                                                By:/s/ Stephen M. Doniger
                                                Stephen M. Doniger
                                                Attorneys for Plaintiff
                                                L.A. Printex Industries, Inc.

## DECLARATION OF STEPHEN M. DONIGER

I, Stephen M. Doniger, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and before this Court and a partner at Doniger / Burroughs APC, counsel for Plaintiff LA Printex Industries, Inc. ("JC Penney"). Except as stated upon information and belief, I have personal knowledge of the following matters and, if called to testify concerning them, could do so competently.

2. On May 26, 2009 this Court issued a Scheduling Order which provided for a discovery cut-off date of Monday, October 12, 2009.

3. On September 9, 2009 Defendant served the subject discovery by mail – making responses due on October 12, 2009.

4. Subsequent to Defendant's service of the subject discovery (but before it was due), the parties stipulated to a 30-day continuance of that cut-off to allow the party to meet and confer further over other discovery and complete depositions. The discovery cut-off was thus moved to November 12, 2009.

5. This Court's Standing Order unambiguously states that "[a]ny motion challenging the adequacy of discovery responses must be calendared sufficiently in advance of the cut-off date to permit any compelled responses to be obtained before that date."

6. My firm met and conferred in good faith with JC Penney's counsel on October 20, 2009 and found that supplementation of our discovery responses was unwarranted. Counsel then prepared a draft of this Joint Statement and sent it to our firm.

7. On October 26, 2009 I sent an email to counsel for JC Penney advising him that this motion was untimely under the Court's standing order, and that I therefore expected he would withdraw it before we had to respond. A true and correct copy of that email is attached hereto as Exhibit "1". Defendant nevertheless

8
SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION TO COMPEL

insisted on moving forward with this untimely motion.

8. In initially responding to this Joint Statement, I spent in excess of four (4) hours of time.

9. Moreover, after I sent Plaintiff's portion of this joint stipulation back to Defendant and fully addressing Defendant's arguments, Defendant was obligated, pursuant to Local Rule 37-2.2, to prepare it for signing and get it to Plaintiff's counsel for signing. Instead, Defendant's counsel added almost two additional pages to its introductory statement in reply to Plaintiff's portion. That additional material includes the text appearing above on page 6, line13 through page 7 line 24. I spent another 2.4 hours addressing those arguments.

10. This revised Joint Stipulation with its entirely new text was sent to me by email on October 28, 2009 at 10:13am while I was sitting in the conference room of Defendant's office waiting to begin a deposition in this case that was set to commence at 10:00a.m. The email to which the revised motion was attached read *"FYI – we are going to file the attached document today by 1:00 p.m., so please let me know if you have any additional changes. If you request more time, then please stipulate to waiving any timeliness arguments and we will allow you reasonable time. Thanks."* A true and correct copy of that email is attached hereto as Exhibit "2".

11. The motion filed with this Court by Defendant was the one served on Plaintiff on October 28, 2009.

12. Since my office did not have a reasonable opportunity to review and respond to the new allegations of Defendant's portion, the Joint Stipulation was not signed by Plaintiff's counsel. Although Defendant's conduct was highly improper, we still sought to cooperate and provided a revised version of Plaintiff's portion to Defendant's counsel the next day by email at 6:21pm, but Defendant filed its motion without Plaintiff's revised portion, and without even calling Plaintiff to see if it was forthcoming, just minutes earlier (at 6:02pm). Attached hereto as Exhibit "3" is an

9
SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION TO COMPEL

1  exchange of emails reflecting these facts.

2      13.   During the discovery period, the parties each granted discovery extensions and courtesies freely, but the time for discovery is now done and the parties need to prepare for trial in just over two months. Indeed, Plaintiff's position was clearly stated to counsel for Defendant in an email sent on October 27, 2007 which stated in relevant part:

> Scott,
>
> It is customary and appropriate to agree to reasonable extensions when it does not prejudice the client and/or when it is mutually beneficial. In this case, the extension of the discovery cut-off gave both of us more time to complete discovery, including depositions, and did not cause any prejudice to either side. Similarly, doing the deposition in Italy by video-conference or telephone will save our clients a significant amount of money and save us days of travel time – again mutually beneficial and with no prejudice to either side. Finally, you did grant an extension to provide discovery responses, but I did not end up taking that extension. Moreover, your condition was specifically designed to ensure that there was no prejudice to your client. You certainly did not do me any favors that put your client at a disadvantage.
>
> Similarly, I have granted you courtesies including discovery extensions and will always be willing to do the same in the future assuming no prejudice to my client.
>
> However, you are presently seeking to compel evidence that we believe to be overbroad and harassing in support of an argument that we believe to be meritless, at least in this case. While you may have been entitled to pursue that discovery during the discovery period, you waited to propound any such discovery such that it was due on the very last day of the original discovery cut-off. It would result in unnecessary work and cause appreciable prejudice

10
SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION TO COMPEL

to my client to waive the requirement of the Court's standing order to allow your motion to be brought. Moreover, I do not believe you can possibly make a showing of good cause for the relief you are seeking in a motion to extend the discovery cut-off a second time.

14. My regular hourly rate is $380.00. Therefore, Plaintiff seeks reimbursement of $2,432.00 for the 6.4 hours spent to date in connection with this motion.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. This declaration was executed on November 5, 2009, at Culver City, California.

/s/ Stephen M. Doniger
Stephen M. Doniger

# EXHIBIT 1

# Stephen M. Doniger

**From:** Stephen M. Doniger [stephen@donigerlawfirm.com]
**Sent:** Monday, October 26, 2009 6:23 PM
**To:** 'Scott Shaw'; 'Michael H. Chiang'
**Cc:** 'scott@donigerlawfirm.com'
**Subject:** RE: LAP v. Alarmax

Scott,

I was just reviewing Judge Otero's Standing Order and noticed that it provides that that "[a]ny motion challenging the adequacy of discovery responses must be calendared sufficiently in advance of the cut-off date to permit any compelled responses to be obtained before that date." (See Par. 17 (a)). Even with our stipulation to continue the discovery cut-off, that cutoff is on November 12, 2009. As such I believe the joint stipulation you served on our office last week is clearly untimely and will necessarily be denied as such. Please confirm that you will not be moving forward with the same, and be advised that if you do we will deem the need to respond to be an unjustified waste of our time for which we will seek sanctions. Thanks.

*Stephen M. Doniger, Esq.*
**DONIGER / BURROUGHS, APC**
*300 Corporate Pointe, Suite 355*
*Culver City, CA 90230*
*Telephone: 310-590-1820*
*Facsimile: 310-417-3538*
*www.donigerlawfirm.com*

---

**From:** Scott Shaw [mailto:sshaw@calljensen.com]
**Sent:** Wednesday, October 21, 2009 10:54 AM
**To:** Stephen M. Doniger; Michael H. Chiang
**Cc:** scott@donigerlawfirm.com
**Subject:** RE: LAP v. Alarmax

If you are unable to return it today, that is fine. I would prefer to file it sooner rather than later.

Thanks.

Scott P. Shaw, Esq
CALL, JENSEN & FERRELL
610 NEWPORT CENTER DRIVE, SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
TELEPHONE: (949) 717-3000
FACSIMILE: (949) 717-3100
sshaw@calljensen.com
www.calljensen.com

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information. It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system. Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

---

**From:** Stephen M. Doniger [mailto:stephen@donigerlawfirm.com]
**Sent:** Wednesday, October 21, 2009 10:36 AM
**To:** Scott Shaw; 'Michael H. Chiang'
**Cc:** scott@donigerlawfirm.com
**Subject:** RE: LAP v. Alarmax

1

# EXHIBIT 2

**Stephen M. Doniger**

---

| | |
|---|---|
| From: | Scott Shaw [sshaw@calljensen.com] |
| Sent: | Wednesday, October 28, 2009 10:13 AM |
| To: | Michael H. Chiang |
| Cc: | Stephen M. Doniger |
| Subject: | MTC Discovery - Joint Stipulation.DOC.DOC |
| Attachments: | MTC Discovery - Joint Stipulation.DOC.DOC |

FYI – we are going to file the attached document today by 1:00 p.m., so please let me know if you have any additional changes. If you request more time, then please stipulate to waiving any timeliness arguments and we will allow you reasonable time. Thanks.

Scott P. Shaw, Esq
CALL, JENSEN & FERRELL
610 NEWPORT CENTER DRIVE, SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
TELEPHONE: (949) 717-3000
FACSIMILE: (949) 717-3100
sshaw@calljensen.com
www.calljensen.com

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information. It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system. Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

# EXHIBIT 3

# Stephen M. Doniger

**From:** Scott Shaw [sshaw@calljensen.com]
**Sent:** Thursday, October 29, 2009 6:28 PM
**To:** stephen@donigerlawfirm.com
**Cc:** scott@donigerlawfirm.com; Mark Eisenhut
**Subject:** Re: MTC Discovery - Joint Stipulation.DOC.DOC

Sorry, I waited beyond COB today per our agreement and I did not receive anything from so we filed it without your signature. You are free to file a supplemental memorandum per local rule 37.

----- Original Message -----
From: Stephen M. Doniger <stephen@donigerlawfirm.com>
To: Scott Shaw
Cc: scott@donigerlawfirm.com <scott@donigerlawfirm.com>; Mark Eisenhut
Sent: Thu Oct 29 18:21:06 2009
Subject: RE: MTC Discovery - Joint Stipulation.DOC.DOC

Scott,


Attached is our revised portion of the joint stipulation. Please put it together with all declarations, exhibits, etc... and get the final to me for signature tomorrow if you still intend to move forward with it. Thank you.



Stephen M. Doniger, Esq.

DONIGER / BURROUGHS, APC

300 Corporate Pointe, Suite 355

Culver City, CA 90230

Telephone: 310-590-1820

Facsimile: 310-417-3538

www.donigerlawfirm.com



From: Scott Shaw [mailto:sshaw@calljensen.com]
Sent: Wednesday, October 28, 2009 1:42 PM
To: stephen@donigerlawfirm.com
Cc: scott@donigerlawfirm.com; Mark Eisenhut
Subject: Re: MTC Discovery - Joint Stipulation.DOC.DOC


I will give you until COB tomorrow to complete the version I sent you today, but I want to discuss your additions so I will not have to include anything more.

----- Original Message -----
From: stephen@donigerlawfirm.com <stephen@donigerlawfirm.com>
To: Scott Shaw
Cc: scott@donigerlawfirm.com <scott@donigerlawfirm.com>; Mark Eisenhut
Sent: Wed Oct 28 13:16:23 2009

1