Stephen M. Doniger, Esq. (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs, Esq. (SBN 235718)
scott@donigerlawfirm.com
**DONIGER / BURROUGHS APC**
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone (310) 590-1820
Facsimile   (310) 417-3538
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.A. PRINTEX INDUSTRIES, INC., a California Corporation<br><br>Plaintiff,<br><br>vs.<br><br>ALARMAX HOLDINGS, LLC a New York Corporation; JC PENNY CORP., INC, a Texas Corporation; RAD CLOTHING, INC., a California Corporation; and DOES 1 through 10,<br><br>Defendants | Case No.:  CV-09-434 SJO (PLAx)<br><u>The Honorable S. James Otero Presiding</u><br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 4 TO EXCLUDE EXPERT OPINION TESTIMONY OF SIDNEY P. BLUM; DECLARATION OF STEPHEN M. DONIGER**<br><br>Date: January 12, 2010<br>Time: 9:00 AM<br>Courtroom: 1<br><br>Trial Date: January 12, 2010 |

## PLAINTIFF'S NOTICE OF MOTION IN LIMINE NO. 4

TO THE COURT, ALL PARTIES AND THEIR COUNSEL:

PLEASE TAKE NOTICE THAT on or about January 12, 2010 or as soon thereafter as the Court will hear this Motion, Plaintiff L.A. Printex Industries, Inc. ("Plaintiff") will hereby move this Court to exclude the testimony of Mr. Sidney P. Blum and related evidence.  The hearing will take place in Courtroom 1 of the United States District Court,

Central District of California located in the Spring Street Courthouse located at 312 North Spring Street, Los Angeles, California 90012.

This Motion is based on this Notice of Motion and Memorandum of Points and Authorities, the documents on file in this matter, and upon such of the argument and evidence as may be presented prior to or at the hearing of this matter.  Plaintiff respectfully requests that the Court grant Plaintiff's Motion in Limine No. 4 to Exclude Expert Opinion Testimony of Sidney P. Blum.

This Motion is brought following the meet and confer between counsel that took place on November 18, 2009.

                    Respectfully Submitted,

Dated: December 7, 2009       DONIGER / BURROUGHS APC

By: /S/ Stephen M. Doniger
Stephen M. Doniger
Attorneys for Plaintiff

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Plaintiff asks the court to exclude Mr. Blum his report and testimony regarding the following matters: (1) lost profit calculation; (2) lost earnings calculation based on the alleged infringing garments; and (3) lost earnings calculation based on the proportionate cost allocation to the print design.  As set forth more fully below, Mr. Blum has done nothing more than regurgitate the cost calculations of Defendant JC Penney and the arguments of its counsel.  His report contains no analysis whatsoever for at least one of his three opinions, and each of his opinions states a conclusion that is in fact the ultimate legal conclusion that the jury will be called upon to reach.  As such, his opinions are improper, inadmissible, and must be excluded.

## II. ARGUMENT

### A. STANDARD OF REVIEW

The admission of expert testimony is governed by Fed. R. Evid. 702, which provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* the Supreme Court interpreted Rule 702 and articulated guidelines for its application, requiring that district courts, prior to admitting scientific or technical evidence, to make a preliminary assessment into the reliability and relevance of the methodology employed by experts in rendering their opinions.  *Daubert,* 509 U.S. 579, 592-93 (1993).

The rigorous application of the district court's gatekeeping function is crucial to ensure that the proffered expert testimony is reliable. *See United States v. Prime,* 431 F.3d 1147, 1151 (9th Cir. 2005). Expert testimony must be excluded if the reasoning or methodology underlying the opinion is not scientifically valid, or if the methodology cannot properly be applied to the facts. *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 153-54 (1999). When the methodology or data underlying the expert's testimony is fundamentally flawed, "the evidence based thereon is consequently unreliable and must be excluded." *City of Tuscaloosa v. Harcros Chems., Inc.,* 158 F.3d 548, 566 (11th Cir. 2004); *see also Domingo ex rel. Domingo v. T.K.,* 289 F.3d 600, 604 (9th Cir. 2002).

Moreover, the law has established that an expert witness may not testify as to legal conclusions. *See Fed. R. Evid. 702* (requiring that expert opinion evidence "assist the trier of fact to understand the evidence or to determine a fact in issue"); *Aguilar v. Int'l Longhoremen's Union Local No. 10*, 966 F.2d 443, 447 (9th Cir. 1992); *Nationwide Transport Finance v. Cass Information Systems, Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) ("That said, an expert witness cannot give an opinion as to her legal conclusion.").

### B. THE COURT SHOULD EXCLUDE TESTIMONY OF SIDNEY BLUM BECAUSE IT IS BASED ON INSUFFICIENT AND UNRELIABLE FACTUAL SUPPORT AND AMOUNTS TO IMPERMISSIBLE LEGAL CONCLUSIONS

While Mr. Blum would appear to be qualified to provide economic analysis in appropriate cases, his expert report fails to provide any such analysis. Rather, it does little more than parrot back the legal argument of counsel, especially with regard to its conclusions regarding the profits of Defendant JC Penney. As such, Mr. Blum's testimony must be excluded as lacking in any reliable foundation in fact or sound methodology.

For example, Opinion "B" (Blum Report, page 7), states "I have reviewed the JC Penney Company, Inc. statements of income for the alleged infringed garments and identified the following indicating the earnings before taxes (EBIT $) are $7,407. The

report then partially recreates a chart previously provided by Defendant to Plaintiff in discovery. That's it. There is no economic analysis whatsoever. There is nothing more than the blanket acceptance of the Defendant's argument that their earnings were $7,407 on sales of $1,108,270.

Opinion B is nothing more than a bald statement of an ultimate legal conclusion on the question of what Defendants' profits are in this case. When calculating damages in an action for copyright infringement, a plaintiff bears the initial burden of providing the "total" revenue the defendant has derived from selling infringing goods. 17 U.S.C. § 504(b). Once this figure is presented, defendants may reduce this recoverable revenue by presenting evidence of specific costs incurred during their sales process. Id. A defendant's expenses may be deducted from the total sum initially presented by the plaintiff only if the costs were directly related to, and of "actual assistance" in, the creation and sale of the infringing goods. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 487 (9th Cir.2000).

The evaluation of what expenses are ultimately deductable is a question of fact for the jury. In rendering an opinion that all of Defendants' overhead is deductable (which is actually contrary to Ninth Circuit law), Mr. Blum does nothing more than parrot the arguments of the defense lawyer who hired him and opine on the ultimate legal conclusion that is to be made by the jury. Therefore, Opinion B is improper and must be excluded from Mr. Blum's testimony in the trial.

Similarly, "Opinion A" does nothing more than regurgitate Defendants' argument that additional overhead needs to be deducted from Plaintiff's claims of lost profits (Blum Report, page 6). This opinion also amounts to an irrelevant expert testimony. Expert testimony is not necessary and is improper when common experiences and qualifications are enough for a fact finder to draw proper conclusions from the given facts and circumstances. *Frase v. Henry*, 444 F.2d 1228, 1231 (10th Cir. Kan. 1971). For instance, the jury does not need an expert to do the simple mathematical calculations of multiplication and subtraction. In the absence of any expert reasoning from Mr. Blum as to

why certain further costs must be considered in plaintiff's lost profits calculation, such argumentation must be presented by defense counsel at trial. At that time, the jury can make the appropriate calculation themselves without the need of expert opinion.

Finally, Mr. Blum's "Opinion C" must also be excluded for a lack of any reliable methodology. Indeed, the opinion is borderline unintelligible. Without explanation, that opinion concludes that damages to plaintiff are only $1,037 because that number is 14% of the Opinion B conclusion of Defendant's profits from the sale of the units (which, as set forth above, is an improper opinion and is contrary to Ninth Circuit authority on deductable expenses). Mr. Blum apparently chose 14% because that would be the percentage of the wholesale price of the garments that Plaintiff's lost revenues would equal.

Simply put, Plaintiff is at a loss to even understand Opinion C. There is no explanation of what economic theory or model is being applied, no explanation as to whether that model or theory is generally accepted in the relevant expert community, and no explanation as to how or why that theory or model (assuming there is one) is appropriate or applicable to this case.

Based on the foregoing, the Court should find that the "expert" testimony of Mr. Blum is lacking in not based on "scientific, technical, or other specialized knowledge", lacks any reliable methodology, and does nothing more than improperly parrot the arguments of counsel and state ultimate legal conclusions. As such, it is properly excluded and this motion should be granted.

///
///
///

## III.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant its Motion in Limine No. 4 to exclude the expert opinion testimony of Sidney P. Blum on behalf of Defendant.

Respectfully Submitted,

Dated: December 7, 2009      **DONIGER / BURROUGHS APC**

By: /S/ Stephen M. Doniger
Stephen M. Doniger
Attorney for Plaintiff

# DECLARATION OF STEPHEN M. DONIGER, ESQ. IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE NO. 4

I, STEPHEN M. DONIGER, ESQ., declare that I am at least eighteen years old and am not a party to this action.  I submit this declaration in support of Plaintiff's MOTION IN LIMINE NO. 4.  I have personal knowledge of the matters set forth herein and if called as a witness, could and would competently and honestly testify as follows:

1. I met and conferred with defense counsel in regard to this motion on November 18, 2009.  No stipulation could be reached, necessitating this filing.
2. I have attached hereto as Exhibit 1 a true and correct copy of the Expert Report of Sidney Blum.
3. I have concurrently lodged under seal a true and correct copy of Bate No. 02-00029 produced in discovery which contains the chart provided by Defendant JC Penney in this case, and hereafter reference that document as Exhibit 2 hereto.  As the Court can see, that chart was reproduced in part in the report of Mr. Blum.

I declare under penalty of perjury and the laws of the United States of America that the foregoing is true and correct.

Executed this 7th day of December, 2009, at Culver City, California.

By: /S/ Stephen M. Doniger
Stephen M. Doniger
Attorneys for Plaintiff